(8 App. Div. 491)

## COX v. DAVIS.

(Supreme Court, Appellate Division, Fourth Department. July 30, 1896.)

APPEAL—REVIEW—WEIGHT OF EVIDENCE.

   Where no exceptions were taken to the admission or exclusion of evidence, the appellate division cannot consider the weight of the evidence.

Appeal from Cayuga county court.

Action by James R. Cox against Job Davis. From a judgment dismissing the complaint, with costs, entered on a verdict in favor of defendant, plaintiff appeals. Affirmed.

This action was begun December 16, 1895, in the city court of the city of Auburn. Two causes of action are set forth in the complaint: (1) To recover $125, rent for the use of certain premises from November 1, 1891, to April 2, 1892, less $24, received from another tenant, leaving $101, with interest from April 1, 1892 claimed to be due. (2) To recover $6, damages

alleged to have been sustained by reason of the failure of the defendant to leave the premises in as good condition' as when he took possession of them. The defendant set up three defenses in his answer: (1) He denied that he was the tenant of the plaintiff from November 1, 1891, to April 1, 1892. (2) He alleged that about April 1, 1888, the litigants entered into an oral agreement by which the defendant was to occupy the premises after April 1, 1888, for such a term as he might desire, for the yearly rent of $300, payable quarterly during the period of his occupancy. (3) That in October, 1891, the defendant surrendered possession of the premises to the plaintiff, paid the rent in full to November 1, 1891, and that the plaintiff then received possession of the premises from the defendant, and thereafter leased them to other persons. The case was tried before a jury in the city court, and a verdict for no cause of action rendered, on which a judgment was entered, and from which the plaintiff appealed to the county court of the county of Cayuga, and demanded a retrial, which he had, and a verdict of no cause of action was rendered, on which the judgment appealed from was entered.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

James R. Cox, in pro. per.
Clarence E. Aiken, for respondent.

FOLLETT, J. A motion for a new trial was not made in the county court, and the record on which we are to review the judgment consists of a bill of exceptions which is annexed to the judgment roll, and upon such a record (all the evidence not being before us) we can review only the exceptions taken at the trial. No evidence was given tending to establish the second cause of action alleged in the complaint. January 4, 1886, the litigants executed a written lease, under their hands and seals, by which the plaintiff leased to the defendant six acres of land, with the buildings and tools thereon, for two years from April 1, 1886, at the annual rent of $300, payable quarterly, $75 on the 1st day of July, October, January, and April of each year, which the defendant covenanted to pay. The defendant entered into possession of the premises under the lease, and occupied them until some time in October, 1891, paying the stipulated rent until the 1st day of November, 1891. September 30, 1891, a settlement was had between the litigants, and the following receipt was given by the plaintiff to the defendant:

"Received, Auburn, September 30, 1891, from Job Davis, seventy-five dollars, for rent of my place on Van Anden street, up to October 1st. Plums and potatoes, $3; cash, $72,—$75.                    James R. Cox.

"J. D. is to leave me (for the rent of October, which is $25) his improvements on the place, extra green house, and sash, etc., on south side of main greenhouse, also, the roller and harrow, and is to have one of my plows.
                                                            "J. R. C."

The plaintiff testified that April 6, 1888, after the expiration of the written lease, he had a conversation with the defendant in which it was agreed between them that the defendant was to occupy the property, pursuant to the written lease, until the plaintiff should sell the premises. The defendant testified that this conversation occurred in March, 1888, just before the expiration of the written lease, and that the plaintiff said: "You keep on as long as you want to, at the same rental, but, if I sell it, you will have to

go off from it, and I will give you the same privilege." Mr. Williams, the defendant's son-in-law, testified that the defendant said on this occasion to the plaintiff: "'Well, I suppose there is no use of our having a renewal of the lease. How about it? If you sell, will I have to get off?' He said, 'yes.' Then they wanted to know, if he kept on, why, Mr. Davis could have the place as long as he wished, at the same rental, with the privilege of moving off when he liked." The learned county judge correctly instructed the jury that this evidence presented a question of fact as to whether the occupation was from year to year under the terms of the written lease, or whether its terms were modified, as testified to by the defendant and his witness. In respect to the second defense, the plaintiff testified that September 30, 1891, the defendant called at his office, told him that he had bought a place, and that they had a settlement; the defendant paying the rent to the 1st of October, as expressed in the foregoing receipt, and agreeing to leave certain articles in payment of the next month's rent, as also expressed in the receipt. The defendant testified that at this interview he told the plaintiff it would be impossible for him to leave the premises by October 1st, that he wanted to remain until the middle of that month, and would pay him the rent for the month; and that the plaintiff agreed to this; and that thereupon a settlement was made, and the foregoing receipt given. The defendant's son-in-law testified that the defendant told the plaintiff that he came to have a full settlement and pay the rent, as he wanted to get off, for he had bought a place, and that the plaintiff replied, "All right," and wrote the receipt; that it was agreed that the plaintiff was to take certain articles in payment for the October rent; and that the defendant agreed to help the plaintiff get another tenant. The court submitted the question of fact presented by this evidence to the jury, and instructed them that, if they found that the version of the defendant was correct, there was a termination of the relation of landlord and tenant, and the plaintiff could not recover. The jury found for the defendant.

As before stated, upon this record this court has no power to determine whether the verdict is contrary to the weight of evidence. No exceptions were taken to the admission or exclusion of evidence. The plaintiff, at the close of the evidence, asked the court to direct a verdict in his favor for $101, with interest from April 1, 1892. The court refused, and the plaintiff excepted. Under the evidence, it is clear that this ruling was not erroneous, and that a question of fact was presented for the determination of the jury. The payment by the defendant of the October rent in advance of the time when it became due was a sufficient consideration to support the agreement terminating the relation of landlord and tenant, which had theretofore existed between the parties.

The questions presented by the evidence were fairly submitted to the jury by the learned county judge, and we are unable to find any exception which is sufficient to justify a reversal of the judgment, which should be affirmed, with costs. All concur.